A. Michael Weber (AW-8760)
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
885 Third Avenue
New York New York 10022
(212) 583-9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PARAMOUNT PARKS, INC.,                    :

                    Plaintiff,     :

        vs.                                     :

LESTER NAIL,                              :

               Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ANSWER**

07 CV 10595 (SS)

Defendant Lester Nail, by his attorneys, Littler Mendelson, P.C., hereby answers the Complaint as follows:

1.      Denies the allegation in Paragraph 1 of the Complaint, except admits that Plaintiff purports to seek the relief stated therein, and admits that Defendant remained willing, ready, and able to render exclusive service to Plaintiff up to and including December 31, 2007 pursuant to the employment agreement between Defendant and Plaintiff.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.      Admits the allegations set forth in Paragraph 3 of the Complaint.

4.      Denies the allegations set forth in Paragraph 4 of the Complaint, except admits that Defendant entered into an employment agreement with Plaintiff in or about February or March 2006.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.      Admits the allegations set forth in Paragraph 6 of the Complaint.

7.      Admits the allegations set forth in Paragraph 7 of the Complaint.

8.      Denies the allegations set forth in Paragraph 8 of the Complaint.

9.      Denies the allegations set forth in Paragraph 9 of the Complaint.

10.     Denies the allegations set forth in Paragraph 10 of the Complaint.

11.     Denies the allegations set forth in Paragraph 11 of the Complaint, except admits that Defendant was employed as Plaintiff's General Counsel from on or about January 1, 2006, through August 1, 2006.

12.     Denies the allegations set forth in Paragraph 12 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

13.     Denies the allegations set forth in Paragraph 13 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

2

14.     Denies the allegations set forth in Paragraph 14 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

15.     Denies the allegations set forth in Paragraph 15 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

16.     Denies the allegations set forth in Paragraph 16 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

17.     Admits the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies the allegations set forth in Paragraph 18 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Admits the allegations set forth in Paragraph 21 of the Complaint.

22.     Admits the allegations set forth in Paragraph 22 of the Complaint.

23.     Admits the allegations set forth in Paragraph 23 of the Complaint.

24.     Denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.     Denies the allegations set forth in Paragraph 26 of the Complaint and respectfully refers the Court to the correspondence in question for its full force and legal effect.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28.     Admits the allegations set forth in Paragraph 28 of the Complaint.

29.     Denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendant repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.     Denies the allegations set forth in Paragraph 32 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

33.     Denies the allegations set forth in Paragraph 33 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

34.    Admits the allegations set forth in Paragraph 34 of the Complaint.

35.    Denies the allegations set forth in Paragraph 35 of the Complaint.

36.    Denies the allegations set forth in Paragraph 36 of the Complaint.

37.    Denies the allegations set forth in Paragraph 37 of the Complaint.

38.    Defendant repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 37 of the Complaint as is fully set forth herein.

39.    Denies the allegations set forth in Paragraph 39 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

40.    Admits the allegations set forth in Paragraph 40 of the Complaint.

41.    Denies the allegations set forth in Paragraph 41 of the Complaint.

42.    Denies the allegations set forth in Paragraph 42 of the Complaint.

43.    Denies the allegations set forth in Paragraph 43 of the Complaint.

44.    Defendant repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.    Denies the allegations set forth in Paragraph 45 of the Complaint.

46.    Denies the allegations set forth in Paragraph 46 of the Complaint.

47.    Denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendant repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50.     Denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Denies the allegations set forth in Paragraph 53 of the Complaint.

54.     Denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Denies the allegations set forth in Paragraph 60 of the Complaint, except admits that Plaintiff ceased providing compensation and benefits prospectively and retroactively to Defendant in or about October 2007.

61.     Denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Denies the allegations set forth in Paragraph 62 of the Complaint.

63.    Denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint.

## AS AND FOR A FIRST DEFENSE
## TO THE COMPLAINT

64.    The Complaint, in whole or in part, fails to set forth allegations sufficient to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE
## TO THE COMPLAINT

65.    Defendant has fully complied with all of his contractual and other legal obligations to Plaintiff.

## AS AND FOR A THIRD DEFENSE
## TO THE COMPLAINT

66.    The noncompetition provisions and other restrictive covenants in the employment agreement between Plaintiff and Defendant are not enforceable because Plaintiff failed to perform its own express and implied contractual obligations to Defendant.

## AS AND FOR A FOURTH DEFENSE
## TO THE COMPLAINT

67.    Plaintiff failed to satisfy a condition or conditions precedent to the performance of the noncompetition provisions and other restrictive covenants in the employment agreement between Plaintiff and Defendant.

7

## AS AND FOR A FIFTH DEFENSE
## TO THE COMPLAINT

68.    The noncompetition provisions and other restrictive covenants in the employment agreement between Plaintiff and Defendant are unenforceable restriction on Defendant's right to practice law pursuant to the Code of Professional Responsibility and Ethical Canons.

## AS AND FOR A SIXTH DEFENSE
## TO THE COMPLAINT

69.    Plaintiff terminated Defendant's employment without cause. Accordingly, the noncompetition provisions and other restrictive covenants in the employment agreement between Plaintiff and Defendant are unenforceable and void.

## AS AND FOR A SEVENTH DEFENSE
## TO THE COMPLAINT

70.    The noncompetition provisions and other restrictive covenants in the employment agreement between Plaintiff and Defendant are unenforceable as a violation of public policy and an unlawful restraint on trade.

## AS AND FOR A EIGHTH DEFENSE
## TO THE COMPLAINT

71.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

## AS AND FOR A NINTH DEFENSE
## TO THE COMPLAINT

72.    Plaintiff suffered no damage as a result of Defendant's alleged conduct and, therefore, is not entitled to any of the relief requested in the Complaint.

AS AND FOR A TENTH DEFENSE
TO THE COMPLAINT

73.    The Court lacks jurisdiction over the Defendant.

WHEREFORE, the Complaint should be dismissed in its entirety and with prejudice, and Defendant should be awarded his costs, expenses, and reasonable attorneys' fees in connection with this action.

AS AND FOR A FIRST
COUNTERCLAIM FOR BREACH OF CONTRACT

74.    Defendant was employed by Plaintiff as its Senior Vice President/General Counsel pursuant to an employment agreement (the "Agreement").

75.    The Agreement was for the definite term of January 1, 2006 through December 31, 2007 (the "Term").

76.    In Paragraph 1 of the Agreement, Plaintiff promised to employ Defendant for the entire Term.

77.    On or about July 27, 2006, prior to the end of the Term, Plaintiff terminated Defendant's employment without cause.

78.    Pursuant to Paragraph 7(c) of the Agreement, Plaintiff was thereby obligated to continue paying Defendant his full compensation and benefits through the end of the Term, "so long as [Defendant] is willing, ready and able to render exclusive services hereunder...."

79.    Defendant was willing, ready, and able to render exclusive services to Plaintiff throughout the Term.

9

80.    On or about October 19, 2007, Plaintiff ceased paying Defendant the compensation and benefits due to him under the Agreement.

81.    Plaintiff ceased making the contractually mandated payments to Defendant without ever asking Defendant whether he was willing, ready, and able to render exclusive services to Plaintiff.

82.    At no time subsequent to terminating Defendant's employment did Plaintiff demand or request that Defendant provide exclusive services to Plaintiff. Rather, Plaintiff informed Defendant unequivocally that his services were no longer needed.

83.    By the foregoing actions, Plaintiff breached the Agreement.

84.    As a result of Plaintiff's aforesaid breach, Defendant has suffered damages in an amount to be proven at trial.

## AS AND FOR A SECOND
## COUNTERCLAIM FOR CONVERSION

85.    Defendant repeats and realleges each allegation set forth in paragraphs 74 to 84 as it fully set forth herein.

86.    Plaintiff deposited Defendant's salary payment directly in his financial institution.

87.    Contrary to Defendant's wishes and instructions, Plaintiff reversed the payment of Defendant's salary that had been deposited by Plaintiff and at Defendant's direction into Defendant's personal checking account at his financial institution.

88.    Plaintiff was not authorized by Defendant to reverse the deposit of his salary from his personal checking account at his financial institution.

89.    The aforementioned acts of Plaintiff were willful and malicious with the intent to defraud, and justify the awarding of compensatory, exemplary and punitive damages in an amount to be proven at trial.

## AS AND FOR A THIRD COUNTERCLAIM
## FOR A VIOLATION OF NEW YORK LABOR LAW

90.    Defendant repeats and realleges each of the allegations set forth in paragraphs 74 through 89 as it set forth in full herein.

91.    Plaintiffs actions in refusing to pay Defendant his salary and benefits and in converting Defendant's salary and benefits deposited in Defendant's personal checking account are a violation of New York Labor Law §190 et seq.

92.    Based on the aforementioned, Defendant is entitled to his salary, benefits, interest, liquidated damages, civil penalties, costs, and attorneys' fees in an amount to be proven at trial.

WHEREFORE, Defendant hereby demands from Plaintiff pursuant to the counterclaims: (1) his full salary, benefits, bonuses, stock options and other prerequisites not paid to Defendant through December 31, 2007; (2) damages and attorneys' fees provided for under ERISA and COBRA for a violations of Defendant's rights under those statutes; (3) liquidated damages, costs, interest, expenses, and attorneys' fees; and (4) such other and further relief to which the Court deems proper and just.

Date:  New York, New York

December 19, 2007

By: _____

A. Michael Weber (AW-8760)
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
885 Third Avenue
New York New York 10022
(212) 583-9600

Firmwide:83784949.1 053063.1000