UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| PARAMOUNT PARKS INC., | Case No. 07 CV 10595 (SHS) (MJD) |
| Plaintiff, | **REPLY TO COUNTERCLAIMS** |
| -against- | |
| LESTER NAIL, | |
| Defendant. | |

---

Plaintiff Paramount Parks Inc. (hereinafter, "PPI"), by its attorneys, Squire, Sanders & Dempsey L.L.P., for its reply to Defendant Lester Nail's (hereinafter, "Defendant") Counterclaims, denies, admits, and avers as follows:[1]

## ANSWERING THE FIRST COUNTERCLAIM FOR BREACH OF CONTRACT

74. PPI denies the allegations in Paragraph 74 of the Counterclaims, except PPI admits that Defendant was employed by PPI pursuant to the terms of the Employment Agreement ("Agreement") attached to the Complaint to serve as the Company's Senior Vice President / General Counsel. (See Exhibit A to Complaint at ¶ 1(a)).

75. PPI denies the allegations in Paragraph 75 of the Counterclaims, except that PPI admits that the term of the Agreement is from January 1, 2006 to December 31, 2007 (hereinafter, the "Employment Term"). (See Exhibit A to Complaint at ¶ 1(a)).

76. PPI denies the allegations in Paragraph 76 of the Counterclaims. Further answering, PPI avers that the Agreement contains provisions allowing PPI to terminate Defendant's employment. (See Exhibit A to Complaint at ¶ 7).

---

[1] PPI has numbered its paragraphs so as to correspond to the paragraph numbering found in Defendant's Counterclaims.

77. PPI denies the allegations in Paragraph 77 of the Counterclaims, except that PPI admits that on July 27, 2006, PPI provided Defendant with written notice that it was terminating his employment without cause effective August 1, 2006 (See Exhibit B to Complaint).

78. PPI denies the allegations in Paragraph 78 of the Counterclaims, except that PPI admits that it agreed to continue to provide Defendant with certain compensation and benefits through the end of the Employment Term after a termination only for "so long as Executive is willing, ready and able to render exclusive services hereunder during the remainder of the Employment Term."  (See Exhibit A to Complaint at ¶ 7(c)).

79. PPI denies the allegations in Paragraph 79 of the Counterclaims.  Further answering, PPI avers that Defendant is not now "willing, ready and able to render exclusive services" to PPI and has not been at least since he was employed by Denny's around February 23, 2007.

80. PPI denies the allegations in Paragraph 80 of the Counterclaims, except hat PPI admits that on or about October 19, 2007, PPI ceased making all payments of compensation and benefits effective immediately pursuant to the terms of the Agreement upon learning of PPI's alternative employment.  Further answering, PPI avers that it notified Defendant of this.  (See Exhibit C to Complaint).

81. PPI denies the allegations in Paragraph 81 of the Counterclaims.

82. PPI denies the allegations in Paragraph 82 of the Counterclaims.

83. PPI denies the allegations in Paragraph 83 of the Counterclaims.

84. PPI denies the allegations in Paragraph 84 of the Counterclaims.

## ANSWERING THE SECOND COUNTERCLAIM FOR CONVERSION

85. PPI incorporates by reference herein each of the admissions, denials, and averments set forth in the foregoing paragraphs of its Answer to Defendant's Counterclaims and its Complaint.

86. PPI denies the allegations in Paragraph 86 of the Counterclaims, except that PPI admits that Defendant's salary under the terms of the Agreement was paid through direct deposit.

87. PPI denies the allegations in Paragraph 87 of the Counterclaims. Further answering, PPI avers that Defendant was not entitled to any compensation or benefits from PPI for so long as he was not "willing, ready and able to render exclusive services" to PPI and at least since he was employed by Denny's around February 23, 2007.

88. PPI denies the allegations in Paragraph 88 of the Counterclaims. PPI further states that Defendant authorized any such adjustments to his direct deposits.

89. PPI denies the allegations in Paragraph 89 of the Counterclaims.

## ANSWERING THE THIRD COUNTERCLAIM FOR A VIOLATION OF NEW YORK LABOR LAW

90. PPI incorporates by reference herein each of the admissions, denials, and averments set forth in the foregoing paragraphs of its Answer to Defendant's Counterclaims and its Complaint.

91. PPI denies the allegations in Paragraph 91 of the Counterclaims.

92. PPI denies the allegations in Paragraph 92 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

93. Defendant's Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted against PPI.

## SECOND AFFIRMATIVE DEFENSE

94. All actions taken by PPI, including the commencement of this lawsuit, were taken in good faith and without malice.

## THIRD AFFIRMATIVE DEFENSE

95. Defendant's claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

96. Defendant's losses or damages, if any, are the direct and proximate result of his own actions.

## FIFTH AFFIRMATIVE DEFENSE

97. PPI's actions as relevant herein were reasonable, in good faith, and/or privileged.

## SIXTH AFFIRMATIVE DEFENSE

98. Defendant's claims are barred by his own breach of the Agreement and/or failure to satisfy a condition or conditions precedent thereto, and/or his fraudulent representations.

## SEVENTH AFFIRMATIVE DEFENSE

99. Defendant has no property interest or ownership right in any amounts demanded in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

100. Defendant failed to make any demand for a return of any property; Defendant further authorized or consented to the actions of PPI.

## NINTH AFFIRMATIVE DEFENSE

101. Defendant's claims are barred by the doctrines of unclean hands, waiver and estoppel.

## TENTH AFFIRMATIVE DEFENSE

102. Plaintiff is not a proper party to the conversion claim and such claim is further barred by applicable UCC and/or other banking laws and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

103. PPI expressly reserves the right to plead additional defenses, and other matters of defense, to the Counterclaims by way of amendment after further discovery.

**WHEREFORE,** having fully answered, PPI prays that, with respect to Defendant's Counterclaims:

1. Judgment be rendered in PPI's favor and against Defendant;

2. This Court dismiss the Counterclaims with prejudice;

3. PPI be awarded its costs and disbursements, including reasonable attorney fees; and

4. This Court grant to PPI such other relief as justice requires.

Dated: New York, New York
January 7, 2008

Respectfully submitted,

**SQUIRE, SANDERS & DEMPSEY L.L.P.**

By: _____
    Steven Skulnik (SS-7821)
350 Park Avenue
New York, New York 10022
(212) 872-9800

Jill S. Kirila (Ohio Bar # 0068593)
Lori Maiorca Zancourides (Ohio # 0076342)
(pro hac vice admission requested)
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1300 Huntington Center
41 South High Street
Columbus, Ohio 43215

Attorneys for Plaintiff
Paramount Parks Inc.