UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------

| | |
|---|---|
| PARAMOUNT PARKS INC., | Case No.  07 CV 10595 (SHS) (MJD) |
| Plaintiff, | **NOTICE OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| -against- | |
| LESTER NAIL , | |
| Defendant. | |

-----------------------------------------------------

  **PLEASE TAKE NOTICE** that upon: the pleadings filed in this action (attached hereto), and the accompanying Memorandum of Law, plaintiff will move this Court before the Honorable Sidney H Stein at the United States Courthouse, 500 Pearl Street, New York, New York on January 30, 2008, pursuant to **Rule 12(c) of the Federal Rules of Civil Procedure** for partial judgment on the pleadings.

  **PLEASE TAKE FURTHER NOTICE** that pursuant to **Local Civil Rule 6.1 (b)** any opposing affidavits and answering memoranda shall be served within ten business days after service of the moving papers, and any reply affidavits and memoranda of law shall be served within five business days after service of the answering papers.

Dated:  New York, New York
            January 7, 2008

**SQUIRE, SANDERS & DEMPSEY
L.L.P.**

By:_____
Steven Skulnik (SS-7821)

350 Park Avenue
New York, New York 10022
(212) 872-9800

Jill S. Kirila (Ohio Bar # 0068593)
Lori Maiorca Zancourides (Ohio #
0076342)
(pro hac vice admission requested)
**SQUIRE, SANDERS & DEMPSEY
L.L.P.**
1300 Huntington Center
41 South High Street
Columbus, Ohio 43215

Attorneys for Plaintiff
Paramount Parks Inc.

2.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

PARAMOUNT PARKS INC.                    :
ONE CEDAR POINT DRIVE                    :
SANDUSKY, OHIO 44870-5259                :
                                        :
                    Plaintiff,          :        Case No. 07 Civ. 10595 (SHS)
                                        :          ECF CASE
          v.                            :
                                        :
LESTER NAIL                             :
375 SOUTH MONTEREY DRIVE                 :
MOORE, SOUTH CAROLINA 29369              :
                                        :
                    Defendant.          :
-------------------------------------------------------x

## COMPLAINT

Plaintiff Paramount Parks Inc. (hereinafter, "PPI"), by its attorneys, Squire, Sanders &

Dempsey L.L.P., for its complaint against Defendant Lester Nail (hereinafter, "Defendant"),

alleges as follows:

### NATURE OF THE ACTION

1.      In this action, PPI seeks declaratory judgment and damages for acts of breach of

contract, unjust enrichment, and misrepresentation/fraud engaged in by Defendant in violation of

the laws of the State of New York.   Pursuant to an employment agreement between PPI and

Defendant, PPI promised to pay and in fact did pay Defendant salary and benefits continuation

for so long as he remained exclusively devoted to PPI up until December 31, 2007, even where

Defendant's active employment with PPI ended prior to that date.   Despite receiving such

payments, and despite his contractual obligations, Defendant began working for another

company on February 23, 2007, and not only failed to disclose this information to PPI but

deliberately concealed this fact and misrepresented to PPI that he remained unemployed.   PPI

seeks recovery for the damages it incurred as a result of Defendant's breaches and wrongful conduct, including but not limited to the total value for all compensation and benefits paid to Defendant from February 23, 2007 through October 19, 2007, prejudgment interest, and the award of such other, further, and different relief as the Court may deem just and proper.

### PARTIES, JURISDICTION AND VENUE

2.      PPI is a corporation organized under the laws of the State of Delaware, with a principal place of business in Ohio.  PPI is in the parks and entertainment industry.

3.      Defendant is a resident of the State of South Carolina.

4.      On January 1, 2006, PPI and Defendant entered into an Employment Agreement (hereinafter, the "Agreement"), a copy of which is attached hereto at Exhibit A.

5.      At that time, PPI was a subsidiary of CBS Corporation, which was organized under the laws of the State of New York.

6.      The Agreement provides that it "and all matters and issues collateral thereto shall be governed by the laws of the State of New York applicable to contracts entered into and performed entirely within the State of New York, with respect to the determination of any claim, dispute or disagreement, which may arise out of the interpretation, performance or breach of this Agreement." (See Exhibit A at ¶ 15)

7.      The Agreement also provides that it and all matters and issues collateral to it "will be subject to enforcement and interpretation solely in the appropriate courts of the State of New York."  (See Exhibit A at ¶ 15).

8.      The amount in controversy in this matter exceeds $75,000.00.

9.     This Court has jurisdiction over PPI's claims by virtue of the Agreement and 28 U.S.C. § 1332.

10.     Venue in this District is proper under the Agreement and 28 U.S.C. § 1391(a).

### TERMS OF THE AGREEMENT

11.     Defendant was employed by PPI pursuant to the terms of the Agreement to serve as the Company's Senior Vice President / General Counsel.  (See Exhibit A at ¶ 1(a)).

12.     The term of the Agreement is from January 1, 2006 to December 31, 2007 (hereinafter, the "Employment Term").  (See Exhibit A at ¶ 1(a)).

13.     Both Defendant and PPI have certain obligations for the duration of the Employment Term.

14.     Under the Agreement, Defendant agreed, inter alia, that during the Employment Term [January 1, 2006 through December 31, 2007] he will "***devote all customary business time and attention to the affairs of Paramount***."  (See Exhibit A at ¶ 5) (emphasis added).

15.     Defendant also agreed, inter alia, to the following: "***[D]uring the Employment Term, Executive will not engage in any other occupation*** or engage in the leisure/theme park, motion picture, television, or entertainment business, except for Paramount pursuant to [the] Agreement."  (See Exhibit A at § 11) (emphasis added).

16.     In the event Defendant's active employment with PPI was terminated without cause, PPI agreed to provide certain compensation and benefits for the remainder of the Employment Term so long as certain conditions were met:

> If, during the term of this Agreement, the employment of
>
> Executive by Paramount should be terminated by Paramount other

than for Cause as defined herein or for Executive's incapacity, then Paramount shall be obligated both to pay to Executive all applicable base salary pursuant to paragraph 2(a) of this Agreement and also Paramount shall continue all applicable plans and/or benefits pursuant to paragraph 3 hereof for the remainder of the Employment Term, ***so long as Executive is willing, ready and able to render exclusive services hereunder during the remainder of the Employment Term....***

(See Exhibit A at § 7(c)) (emphasis added).

### THE TERMINATION OF DEFENDANT'S EMPLOYMENT AND PPI'S CONTINUED COMPLIANCE WITH THE TERMS OF THE AGREEMENT

17.     On July 27, 2006, PPI provided Defendant with written notice that it was terminating his employment without cause effective August 1, 2006, a copy of which is attached hereto at Exhibit B.

18.     At that time, PPI specifically reminded Defendant of his continuing obligations under paragraph 11 of the Agreement, as well as the requirement that he remain "willing, ready and able to render exclusive services" to PPI to continue to receive the compensation and benefits described in paragraph 7(c) of the Agreement.  See Exhibit B.

19.     After terminating Defendant's employment, PPI continued to provide all compensation and benefits to Defendant pursuant to the terms of paragraph 7(c) of the Agreement.

## DEFENDANT'S MISREPRESENTATIONS AND BREACHES

20.    From August 1, 2006 on, PPI believed that Defendant was not gainfully employed with any other person or entity.

21.    Defendant (and his family) remained covered under PPI's employee benefit policies.

22.    Defendant never notified PPI that he was eligible to receive health insurance or other employee benefits from any other source.

23.    Defendant never notified PPI that his address had changed.

24.    On or about June 2007, Defendant directly or indirectly represented to a PPI representative that he was still unemployed.  Further, Defendant participated in the employee benefits enrollment effective July 1, 2007, as an employee of PPI.

25.    Then in mid-October 2007, PPI learned from another employee that Defendant was working full-time for Denny's, Inc. ("Denny's").

26.    On October 19, 2007, PPI notified Defendant that it was aware of his current employment and that, as a result, PPI would be ceasing all payments of compensation and benefits effective immediately pursuant to the terms of the Agreement.  PPI also requested the date he started his alternative employment and notified Defendant of its expectation that Defendant repay the amounts received from PPI since then.  A copy of the notice is attached hereto as Exhibit C.

27.    PPI further discovered that, upon information and belief, Defendant relocated from North Carolina to South Carolina in May 2007 as a result of his new employment.

28.     Defendant eventually disclosed to PPI that he has been employed by Denny's since February 23, 2007.

29.     For the period February 23, 2007 to September 30, 2007, Defendant received approximately $100,000.00 in compensation, and for the period February 23, 2007 to October 19, 2007, approximately $8,000.00 in benefits that he was not entitled to under the Agreement.

30.     Plaintiff has refused to repay the amounts wrongfully accepted from PPI.

### AS AND FOR A FIRST CAUSE OF ACTION

31.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as if fully set forth herein.

32.     Under the Agreement, Defendant specifically agreed that during the Employment Term he would "devote all customary business time and attention to the affairs of Paramount." (See Exhibit A at ¶ 5).

33.     Defendant also expressly agreed that he would "not engage in any other occupation" during the Employment Term.  (See Exhibit A at § 11).

34.     Defendant began working for Denny's on or about February 23, 2007.

35.     Defendant's employment with Denny's during the Employment Term is in direct violation of the Agreement.

36.     Defendant is not entitled to any payments or benefits he received from PPI after February 23, 2007 under the Agreement.

37.     As a result of Defendant's breach, PPI was damaged in an amount not yet certain but in excess of $75,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

38.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 above as if fully set forth herein.

39.     PPI agreed to continue to provide Defendant with certain compensation and benefits through the end of the Employment Term after a termination only for "so long as Executive is willing, ready and able to render exclusive services hereunder during the remainder of the Employment Term."  (See Exhibit A at § 7(c)).

40.     Defendant began working for Denny's on or about February 23, 2007.

41.     Defendant was not entitled to any compensation or benefits under the Agreement once he began working for Denny's, and Defendant's acceptance of compensation and benefits from PPI after he began working for Denny's constitutes a breach of the Agreement.

42.     Further, Defendant's actions frustrated PPI's ability to exercise its rights under the Agreement.

43.     As a result of Defendant's breach or overpayment, Defendant has been damaged in an amount not yet certain but in excess of $75,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

44.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 above as if fully set forth herein.

- 7 -

45.     Defendant was not entitled to compensation or benefits once he began working for another person or entity and/or no longer willing, ready, or able to render exclusive services to PPI.

46.     Defendant has been unjustly enriched by any compensation and benefits received once he began working for another person or entity and/or was no longer willing, ready, or able to render exclusive services to PPI.

47.     Defendant's unjust enrichment has been at the expense of PPI.

48.     To remedy Defendant's unjust enrichment, PPI is entitled to repayment for all compensation and benefits wrongfully taken by Defendant, in the approximate amount of $108,000.00.

### AS AND FOR A FOURTH CAUSE OF ACTION

49.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 above as if fully set forth herein.

50.     On or about 23, February 2007, Defendant knew he was not entitled to continued payments and benefits from PPI by virtue of his employment with Denny's.

51.     On or about June 2007, Defendant, either directly or indirectly, misrepresented to PPI that he was not employed.

52.     Defendant's statement/s that he was not employed was false and was known by him to be false at the time such statement/s was made.

53.     Defendant's misrepresentation was material.

54.     Defendant's misrepresentation caused PPI to continue providing compensation and benefits to Defendant under paragraph 7(c) of the Agreement.

55.     Defendant knew or had reason to know that PPI would rely on the misrepresentation and continue to provide compensation and benefits to Defendant under the Agreement.

56.     PPI in fact reasonably and justifiably relied on the misrepresentation.

57.     PPI was damaged as a result of such misrepresentation.

58.     Defendant had a duty to disclose his employment status to PPI based on his relationship with PPI.

59.     Despite this duty, Defendant made no such disclosures.

60.     PPI would have acted differently had it known that Defendant was working for Denny's as early as February 2007.  PPI would have ceased providing compensation and benefits under paragraph 7(c) of the Agreement, which it did in October 2007 upon learning of Defendant's employment.

61.     PPI was damaged as a result of Defendant's omission and/or concealment.

62.     As a result of Defendant's wrongful conduct, PPI has been damaged in an amount not yet certain but in excess of $75,000.00.

**WHEREFORE,** Plaintiff PPI demands judgment against Defendant Lester Nail, as set forth herein, including an award of damages in an amount to be determined at trial; PPI also seeks declaratory judgment against Defendant that Defendant was not entitled to any compensation or benefits under paragraph 7(c) of the Agreement at least once he began working for Denny's and that any compensation or benefits received by him after such time must be returned to PPI; and the award of such other, further, and different relief, including, but not

limited to, prejudgment interest, punitive damages, costs, disbursements, and/or reasonable attorneys' fees incurred in this action as the Court may deem just and proper.

Dated:  New York, New York
         November 21, 2007

Respectfully submitted,

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
     Steven Skulnik (SS-7821)

350 Park Avenue
New York, New York 10022
(212) 872-9800

Jill S. Kirila (Ohio Bar # 0068593)
Lori Maiorca Zancourides (Ohio # 0076342)
(pro hac vice admission to be requested)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1300 Huntington Center
41 South High Street
Columbus, Ohio 43215

Attorneys for Plaintiff
Paramount Parks Inc.

A. Michael Weber (AW-8760)
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
885 Third Avenue
New York New York 10022
(212) 583-9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PARAMOUNT PARKS, INC.,                          :

                                Plaintiff,       :

                                                        **ANSWER**
                vs.                              :
                                                07 CV 10595 (SS)
LESTER NAIL,                                     :

                                Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        Defendant Lester Nail, by his attorneys, Littler Mendelson, P.C., hereby answers

the Complaint as follows:

        1.      Denies the allegation in Paragraph 1 of the Complaint, except admits that

Plaintiff purports to seek the relief stated therein, and admits that Defendant remained

willing, ready, and able to render exclusive service to Plaintiff up to and including

December 31, 2007 pursuant to the employment agreement between Defendant and

Plaintiff.

        2.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 2 of the Complaint.

        3.      Admits the allegations set forth in Paragraph 3 of the Complaint.

4.      Denies the allegations set forth in Paragraph 4 of the Complaint, except admits that Defendant entered into an employment agreement with Plaintiff in or about February or March 2006.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.      Admits the allegations set forth in Paragraph 6 of the Complaint.

7.      Admits the allegations set forth in Paragraph 7 of the Complaint.

8.      Denies the allegations set forth in Paragraph 8 of the Complaint.

9.      Denies the allegations set forth in Paragraph 9 of the Complaint.

10.     Denies the allegations set forth in Paragraph 10 of the Complaint.

11.     Denies the allegations set forth in Paragraph 11 of the Complaint, except admits that Defendant was employed as Plaintiff's General Counsel from on or about January 1, 2006, through August 1, 2006.

12.     Denies the allegations set forth in Paragraph 12 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

13.     Denies the allegations set forth in Paragraph 13 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

2

14.    Denies the allegations set forth in Paragraph 14 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

15.    Denies the allegations set forth in Paragraph 15 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

16.    Denies the allegations set forth in Paragraph 16 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

17.    Admits the allegations set forth in Paragraph 17 of the Complaint.

18.    Denies the allegations set forth in Paragraph 18 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.    Admits the allegations set forth in Paragraph 21 of the Complaint.

22.    Admits the allegations set forth in Paragraph 22 of the Complaint.

23.    Admits the allegations set forth in Paragraph 23 of the Complaint.

3

24.     Denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.     Denies the allegations set forth in Paragraph 26 of the Complaint and respectfully refers the Court to the correspondence in question for its full force and legal effect.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28.     Admits the allegations set forth in Paragraph 28 of the Complaint.

29.     Denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendant repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.     Denies the allegations set forth in Paragraph 32 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

33.     Denies the allegations set forth in Paragraph 33 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

34.     Admits the allegations set forth in Paragraph 34 of the Complaint.

35.     Denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendant repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 37 of the Complaint as is fully set forth herein.

39.     Denies the allegations set forth in Paragraph 39 of the Complaint and respectfully refers the Court to the Agreement between the parties for its full force and legal effect.

40.     Admits the allegations set forth in Paragraph 40 of the Complaint.

41.     Denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendant repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     Denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Denies the allegations set forth in Paragraph 46 of the Complaint.

47.     Denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendant repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50.     Denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Denies the allegations set forth in Paragraph 53 of the Complaint.

54.     Denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Denies the allegations set forth in Paragraph 60 of the Complaint, except admits that Plaintiff ceased providing compensation and benefits prospectively and retroactively to Defendant in or about October 2007.

61.     Denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint.

## AS AND FOR A FIRST DEFENSE
## TO THE COMPLAINT

64.     The Complaint, in whole or in part, fails to set forth allegations sufficient to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE
## TO THE COMPLAINT

65.     Defendant has fully complied with all of his contractual and other legal obligations to Plaintiff.

## AS AND FOR A THIRD DEFENSE
## TO THE COMPLAINT

66.     The noncompetition provisions and other restrictive covenants in the employment agreement between Plaintiff and Defendant are not enforceable because Plaintiff failed to perform its own express and implied contractual obligations to Defendant.

## AS AND FOR A FOURTH DEFENSE
## TO THE COMPLAINT

67.     Plaintiff failed to satisfy a condition or conditions precedent to the performance of the noncompetition provisions and other restrictive covenants in the employment agreement between Plaintiff and Defendant.

## AS AND FOR A FIFTH DEFENSE
## TO THE COMPLAINT

68.     The noncompetition provisions and other restrictive covenants in the employment agreement between Plaintiff and Defendant are unenforceable restriction on Defendant's right to practice law pursuant to the Code of Professional Responsibility and Ethical Canons.

## AS AND FOR A SIXTH DEFENSE
## TO THE COMPLAINT

69.     Plaintiff terminated Defendant's employment without cause.  Accordingly, the noncompetition provisions and other restrictive covenants in the employment agreement between Plaintiff and Defendant are unenforceable and void.

## AS AND FOR A SEVENTH DEFENSE
## TO THE COMPLAINT

70.     The noncompetition provisions and other restrictive covenants in the employment agreement between Plaintiff and Defendant are unenforceable as a violation of public policy and an unlawful restraint on trade.

## AS AND FOR A EIGHTH DEFENSE
## TO THE COMPLAINT

71.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

## AS AND FOR A NINTH DEFENSE
## TO THE COMPLAINT

72.     Plaintiff suffered no damage as a result of Defendant's alleged conduct and, therefore, is not entitled to any of the relief requested in the Complaint.

## AS AND FOR A TENTH DEFENSE
### TO THE COMPLAINT

73.     The Court lacks jurisdiction over the Defendant.

WHEREFORE, the Complaint should be dismissed in its entirety and with prejudice, and Defendant should be awarded his costs, expenses, and reasonable attorneys' fees in connection with this action.

## AS AND FOR A FIRST
### COUNTERCLAIM FOR BREACH OF CONTRACT

74.     Defendant was employed by Plaintiff as its Senior Vice President/General Counsel pursuant to an employment agreement (the "Agreement").

75.     The Agreement was for the definite term of January 1, 2006 through December 31, 2007 (the "Term").

76.     In Paragraph 1 of the Agreement, Plaintiff promised to employ Defendant for the entire Term.

77.     On or about July 27, 2006, prior to the end of the Term, Plaintiff terminated Defendant's employment without cause.

78.     Pursuant to Paragraph 7(c) of the Agreement, Plaintiff was thereby obligated to continue paying Defendant his full compensation and benefits through the end of the Term, "so long as [Defendant] is willing, ready and able to render exclusive services hereunder...."

79.     Defendant was willing, ready, and able to render exclusive services to Plaintiff throughout the Term.

80.     On or about October 19, 2007, Plaintiff ceased paying Defendant the compensation and benefits due to him under the Agreement.

81.     Plaintiff ceased making the contractually mandated payments to Defendant without ever asking Defendant whether he was willing, ready, and able to render exclusive services to Plaintiff.

82.     At no time subsequent to terminating Defendant's employment did Plaintiff demand or request that Defendant provide exclusive services to Plaintiff. Rather, Plaintiff informed Defendant unequivocally that his services were no longer needed.

83.     By the foregoing actions, Plaintiff breached the Agreement.

84.     As a result of Plaintiff's aforesaid breach, Defendant has suffered damages in an amount to be proven at trial.

## AS AND FOR A SECOND
## COUNTERCLAIM FOR CONVERSION

85.     Defendant repeats and realleges each allegation set forth in paragraphs 74 to 84 as it fully set forth herein.

86.     Plaintiff deposited Defendant's salary payment directly in his financial institution.

87.     Contrary to Defendant's wishes and instructions, Plaintiff reversed the payment of Defendant's salary that had been deposited by Plaintiff and at Defendant's direction into Defendant's personal checking account at his financial institution.

88.     Plaintiff was not authorized by Defendant to reverse the deposit of his salary from his personal checking account at his financial institution.

89.     The aforementioned acts of Plaintiff were willful and malicious with the intent to defraud, and justify the awarding of compensatory, exemplary and punitive damages in an amount to be proven at trial.

## AS AND FOR A THIRD COUNTERCLAIM
## FOR A VIOLATION OF NEW YORK LABOR LAW

90.     Defendant repeats and realleges each of the allegations set forth in paragraphs 74 through 89 as it set forth in full herein.

91.     Plaintiffs actions in refusing to pay Defendant his salary and benefits and in converting Defendant's salary and benefits deposited in Defendant's personal checking account are a violation of New York Labor Law §190 et seq.

92.     Based on the aforementioned, Defendant is entitled to his salary, benefits, interest, liquidated damages, civil penalties, costs, and attorneys' fees in an amount to be proven at trial.

WHEREFORE, Defendant hereby demands from Plaintiff pursuant to the counterclaims: (1) his full salary, benefits, bonuses, stock options and other prerequisites not paid to Defendant through December 31, 2007; (2) damages and attorneys' fees provided for under ERISA and COBRA for a violations of Defendant's rights under those statutes; (3) liquidated damages, costs, interest, expenses, and attorneys' fees; and (4) such other and further relief to which the Court deems proper and just.

Date:   New York, New York

December 19, 2007

By: _____

A. Michael Weber (AW-8760)
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
885 Third Avenue
New York New York 10022
(212) 583-9600

Firmwide:83784949.1 053063.1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

PARAMOUNT PARKS INC. ,                    Case No.  07 CV 10595 (SHS) (MJD)

        Plaintiff,                              **REPLY TO COUNTERCLAIMS**

      -against-

LESTER NAIL ,

        Defendant.

--------------------------------------------------------

      Plaintiff Paramount Parks Inc. (hereinafter, "PPI"), by its attorneys, Squire, Sanders &

Dempsey L.L.P., for its reply to Defendant Lester Nail's (hereinafter, "Defendant")

Counterclaims, denies, admits, and avers as follows:[1]

### ANSWERING THE FIRST COUNTERCLAIM FOR BREACH OF CONTRACT

      74.     PPI denies the allegations in Paragraph 74 of the Counterclaims, except PPI

admits that Defendant was employed by PPI pursuant to the terms of the Employment

Agreement ("Agreement") attached to the Complaint to serve as the Company's Senior Vice

President / General Counsel.  (See Exhibit A to Complaint at ¶ 1(a)).

      75.     PPI denies the allegations in Paragraph 75 of the Counterclaims, except that PPI

admits that the term of the Agreement is from January 1, 2006 to December 31, 2007

(hereinafter, the "Employment Term").  (See Exhibit A to Complaint at ¶ 1(a)).

      76.     PPI denies the allegations in Paragraph 76 of the Counterclaims.  Further

answering, PPI avers that the Agreement contains provisions allowing PPI to terminate

Defendant's employment.  (See Exhibit A to Complaint at ¶ 7).

---

[1]     PPI has numbered its paragraphs so as to correspond to the paragraph numbering found in
Defendant's Counterclaims.

77.     PPI denies the allegations in Paragraph 77 of the Counterclaims, except that PPI admits that on July 27, 2006, PPI provided Defendant with written notice that it was terminating his employment without cause effective August 1, 2006 (See Exhibit B to Complaint).

78.     PPI denies the allegations in Paragraph 78 of the Counterclaims, except that PPI admits that it agreed to continue to provide Defendant with certain compensation and benefits through the end of the Employment Term after a termination only for "so long as Executive is willing, ready and able to render exclusive services hereunder during the remainder of the Employment Term."  (See Exhibit A to Complaint at ¶ 7(c)).

79.     PPI denies the allegations in Paragraph 79 of the Counterclaims.  Further answering, PPI avers that Defendant is not now "willing, ready and able to render exclusive services" to PPI and has not been at least since he was employed by Denny's around February 23, 2007.

80.     PPI denies the allegations in Paragraph 80 of the Counterclaims, except hat PPI admits that on or about October 19, 2007, PPI ceased making all payments of compensation and benefits effective immediately pursuant to the terms of the Agreement upon learning of PPI's alternative employment.  Further answering, PPI avers that it notified Defendant of this.  (See Exhibit C to Complaint).

81.     PPI denies the allegations in Paragraph 81 of the Counterclaims.

82.     PPI denies the allegations in Paragraph 82 of the Counterclaims.

83.     PPI denies the allegations in Paragraph 83 of the Counterclaims.

84.     PPI denies the allegations in Paragraph 84 of the Counterclaims.

## ANSWERING THE SECOND COUNTERCLAIM FOR CONVERSION

85.     PPI incorporates by reference herein each of the admissions, denials, and averments set forth in the foregoing paragraphs of its Answer to Defendant's Counterclaims and its Complaint.

86.     PPI denies the allegations in Paragraph 86 of the Counterclaims, except that PPI admits that Defendant's salary under the terms of the Agreement was paid through direct deposit.

87.     PPI denies the allegations in Paragraph 87 of the Counterclaims.  Further answering, PPI avers that Defendant was not entitled to any compensation or benefits from PPI for so long as he was not "willing, ready and able to render exclusive services" to PPI and at least since he was employed by Denny's around February 23, 2007.

88.     PPI denies the allegations in Paragraph 88 of the Counterclaims.  PPI further states that Defendant authorized any such adjustments to his direct deposits.

89.     PPI denies the allegations in Paragraph 89 of the Counterclaims.

## ANSWERING THE THIRD COUNTERCLAIM FOR A VIOLATION OF NEW YORK LABOR LAW

90.     PPI incorporates by reference herein each of the admissions, denials, and averments set forth in the foregoing paragraphs of its Answer to Defendant's Counterclaims and its Complaint.

91.     PPI denies the allegations in Paragraph 91 of the Counterclaims.

92.     PPI denies the allegations in Paragraph 92 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

93.      Defendant's Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted against PPI.

## SECOND AFFIRMATIVE DEFENSE

94.     All actions taken by PPI, including the commencement of this lawsuit, were taken in good faith and without malice.

## THIRD AFFIRMATIVE DEFENSE

95.     Defendant's claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

96.     Defendant's losses or damages, if any, are the direct and proximate result of his own actions.

## FIFTH AFFIRMATIVE DEFENSE

97.     PPI's actions as relevant herein were reasonable, in good faith, and/or privileged.

## SIXTH AFFIRMATIVE DEFENSE

98.     Defendant's claims are barred by his own breach of the Agreement and/or failure to satisfy a condition or conditions precedent thereto, and/or his fraudulent representations.

## SEVENTH AFFIRMATIVE DEFENSE

99.     Defendant has no property interest or ownership right in any amounts demanded in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

100.    Defendant failed to make any demand for a return of any property; Defendant further authorized or consented to the actions of PPI.

## NINTH AFFIRMATIVE DEFENSE

101.    Defendant's claims are barred by the doctrines of unclean hands, waiver and estoppel.

## TENTH AFFIRMATIVE DEFENSE

102.    Plaintiff is not a proper party to the conversion claim and such claim is further barred by applicable UCC and/or other banking laws and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

103.    PPI expressly reserves the right to plead additional defenses, and other matters of

defense, to the Counterclaims by way of amendment after further discovery.

**WHEREFORE,** having fully answered, PPI prays that, with respect to Defendant's

Counterclaims:

1.    Judgment be rendered in PPI's favor and against Defendant;

2.    This Court dismiss the Counterclaims with prejudice;

3.    PPI be awarded its costs and disbursements, including reasonable attorney fees;
and

4.    This Court grant to PPI such other relief as justice requires.

Dated:  New York, New York                              Respectfully submitted,
        January 7, 2008

                                                        **SQUIRE, SANDERS & DEMPSEY
                                                        L.L.P.**

                                                        By: _____
                                                             Steven Skulnik (SS-7821)
                                                        350 Park Avenue
                                                        New York, New York 10022
                                                        (212) 872-9800

                                                        Jill S. Kirila (Ohio Bar # 0068593)
                                                        Lori Maiorca Zancourides (Ohio #
                                                        0076342)
                                                        (pro hac vice admission requested)
                                                        **SQUIRE, SANDERS & DEMPSEY
                                                        L.L.P.**
                                                        1300 Huntington Center
                                                        41 South High Street
                                                        Columbus, Ohio 43215

                                                        Attorneys for Plaintiff
                                                        Paramount Parks Inc.