UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
PARAMOUNT PARKS INC. ,                    Case No.  07 CV 10595 (SHS) (MJD)

       Plaintiff,

   -against-

LESTER NAIL ,

       Defendant.

-----------------------------------------------------------

**PLAINTIFF PARAMOUNT PARKS INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITSWMOTION
FOR JUDGMENT ON THE PLEADINGS AS TO
DEFENDANT'S THIRD COUNTERCLAIM**

**I.     INTRODUCTION**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Plaintiff Paramount Parks Inc. (hereinafter, "PPI"), by its attorneys, Squire, Sanders & Dempsey L.L.P., moves this Court to dismiss Defendant Lester Nail's Third Counterclaim against it because Defendant can prove no set of facts in support of that claim that would entitle him to relief under N.Y. Labor Law § 190 et seq.

In an apparent effort to offset his own liabilities for the claims brought by PPI against him in the Complaint, Defendant has filed baseless Counterclaims against PPI.  Defendant is not entitled to any compensation or benefits from PPI; on the contrary, it is precisely because he continued to accept such compensation and benefits after he obtained employment with Denny's in violation of his employment agreement and misrepresented his employment situation that PPI commenced this lawsuit.  Accordingly, Defendant is not entitled to relief under his Counterclaims, in particular, under N.Y. Labor Law § 190 et seq., for which PPI now moves for dismissal as a matter of law.

COLUMBUS/605176.5

## II. PERTINENT FACTUAL ALLEGATIONS[1]

A cursory review of the Defendant's allegations made in the Answer and Counterclaim reveals that Defendant is not entitled to relief under N.Y. Labor Law § 190 et seq. Defendant was employed by Plaintiff Paramount Parks Inc. ("PPI") as the Senior Vice President/General Counsel pursuant to the terms of his Employment Agreement (attached as Exhibit A to the Complaint). (Answer and Counterclaim ¶¶ 74, 75) It is undisputed that Defendant's salary in that position was $165,000 per year and his position entitled him to significant bonus consideration. (See Exhibit A to Complaint at ¶ 2). The term of the Agreement was from January 1, 2006 to December 31, 2007. (Answer and Counterclaim ¶ 75; Exhibit A to Complaint at ¶ 1(a)).

On or about July 27, 2006 Defendant's employment with PPI was terminated without cause. (Answer and Counterclaim ¶ 77) Thereafter, PPI continued to pay Defendant compensation and benefits throughout the term of the Agreement pursuant to the without cause termination provision of Paragraph 7(c), until about October 19, 2007 when PPI learned of Defendant's alternative employment. (Answer and Counterclaim ¶¶ 78, 80)

## III. DEFENDANT IS NOT ENTITLED TO RELIEF UNDER NEW YORK LABOR LAW

In Defendant's Third Counterclaim he alleges that "Plaintiffs [sic] actions in refusing to pay Defendant his salary and benefits and in converting Defendant's salary and benefits deposited in Defendant's personal checking account are a violation of New York Labor Laws § 190 et seq." (Answer and Counterclaim ¶ 91) Under this claim, Defendant demands "his salary, benefits, interest, liquidated damages, civil penalties, costs, and attorneys' fees in an amount to be proven at trial." (Answer and Counterclaim ¶ 92) However, even assuming arguendo that the

---

[1] For purposes of this motion, PPI presents the factual allegations in this case as made by Defendant.

amounts in dispute pursuant to the Agreement constitute "wages" under § 190, Defendant is not entitled to any relief under the express terms of N.Y. Labor Law § 190 et seq.

N.Y. Labor Law § 191, dealing with the frequency of payments of wages while employed and after termination, by its own terms applies only to manual workers, railroad workers, commission salesman, and "clerical and other workers," which is defined as "all employees not included in subdivision four, five, and six [the definitions for manual workers, railroad workers, and commission salesman] of this section, except any person employed in a bona fide executive, administrative or professional capacity whose earning are in excess of six hundred dollars a week." N.Y. Labor Law §§ 190(7), 191.[2]; *see e.g. Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 461 (1993) ("[e]xcept for manual workers, all other categories of employees entitled to statutory protection under Labor Law § 191 are limited by definitional exclusions of one form or another for employees serving in an executive, managerial or administrative capacity"); *Pachter v. Bernard Hodes Group, Inc.*, 505 F.3d 129 (2d Cir. 2007) ("section 191 applies only to non-executive employees in the specified categories"); *Monagle v. Scholastic, Inc.*, 2007 U.S. Dist. LEXIS 19788 at *5 (S.D.N.Y. Mar. 9, 2007) ("Section 191(3) by its own terms applies only to the four specific categories of employees listed in § 191"); *Miteva v. Third Point Management Co., L.L.C.*, 323 F. Supp.2d 573, 584 (S.D.N.Y. 2004) ("An analysis of each sub-section of § 191 reveals that only the four enumerated sub-categories of "employee" as defined in § 190(4) – (7) are able to recover under § 191); *Kletter v. Fleming*, 820 N.Y.S.2d 348, 350 (3d Dep't 2006) (N.Y. Labor Law § 191 "is not applicable because defendant, as a professional earning in excess of $600 per week, does not fall within any of the categories of workers listed").

---

[2] In addition, Section 198-c, which makes an employer's failure to pay benefits or supplements a misdemeanor, provides that "[t]his section shall not apply to any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of six hundred dollars a week." N.Y. Labor Law § 198-c(3).

It is beyond dispute that Defendant, the Vice President/General Counsel of PPI, was a bona fide executive, administrative, or professional employee of PPI. Moreover, with a salary at $165,000 per year not including bonus, Defendant was clearly earning over $3,000 a week, which is more than five times the $600 salary limit. Accordingly, Defendant's Third Counterclaim brought under New York Labor Law § 190 *et seq.* should be dismissed as a matter of law.

## IV.   CONCLUSION

Defendant can prove no set of facts that would entitle him to relief under New York Labor Law § 190 et seq. For the foregoing reasons, PPI respectfully requests that this Court dismiss Third Counterclaim brought against PPI with prejudice.

Dated:  New York, New York
       January 7, 2008

Respectfully submitted,

**SQUIRE, SANDERS & DEMPSEY L.L.P.**

By: _____
Steven Skulnik (SS-7821)

350 Park Avenue
New York, New York 10022
(212) 872-9800

Jill S. Kirila (Ohio Bar # 0068593)
Lori Maiorca Zancourides (Ohio # 0076342)
(pro hac vice admission requested)
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1300 Huntington Center
41 South High Street
Columbus, Ohio 43215

Attorneys for Plaintiff
Paramount Parks Inc.