LITTLER MENDELSON, P.C.
A. Michael Weber (AW-8760)
Michael P. Pappas (MP-6716)
885 Third Avenue
New York, New York 10022
(212) 583-9600

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PARAMOUNT PARKS, INC.,

        Plaintiff,

    -against-                        Case No. 07 Civ. 10595 (SHS) (MJD)

LESTER NAIL,

        Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## INTRODUCTION

Defendant Lester Nail, by his attorneys, Littler Mendelson, P.C., respectfully submits this memorandum of law in opposition to Plaintiff's motion for judgment on the pleadings with respect to Defendant's Third Counterclaim for violation of the New York Labor Law.

Plaintiff's motion should be denied because Defendant has adequately pleaded a cause of action under the New York Labor Law. The facts, as pleaded, state a claim for violation of N.Y. Labor Law § 193, which prohibits unlawful wage deductions and has been held by courts in this Circuit to apply to highly-paid executives. See, e.g., Miteva v. Third Point Mgmt. Co., 323 F. Supp.2d 573, 584-85 (S.D.N.Y. 2004).

## PLEADED FACTS

The following facts and allegations, which must be accepted as true for purposes of Plaintiff's motion, Barbanti v. MTA Metro North Commuter R.R., 387 F. Supp.2d 333, 336 (S.D.N.Y. 2005), are pleaded in Defendant's Third Counterclaim:

1. Defendant was an employee of Plaintiff.

2. Plaintiff was contractually obligated to continue paying Defendant his full salary through December 31, 2007.

3. On or about October 19, 2007, Plaintiff ceased paying Defendant the salary due to him.

4. Not only did Plaintiff cease paying Defendant the salary due to him, it unilaterally and without authorization removed from Defendant's personal checking account monies that Plaintiff had already been deposited therein as a direct salary deposit. (Answer, ¶¶ 74-92.)

As demonstrated below, these facts are sufficient to state a claim under N.Y. Labor Law § 193.

## ARGUMENT

### DEFENDANT HAS STATED A CLAIM UNDER THE NEW YORK LABOR LAW

On a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c), the court must accept all of the allegations in the counterclaim as true and draw all reasonable inferences in favor of the non-moving party. King v. American Airlines, Inc., 284 F.3d 352, 356 (2d Cir. 2002). The court should not dismiss the claim unless it appears beyond doubt that the claimant can prove no set of facts that would entitle him to relief. Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994), cert. denied, 115 S.Ct. 73, 513 U.S. 816 (1995).

Here, Plaintiff has not met its burden of establishing "beyond doubt" that Defendant is not entitled to relief under the N.Y. Labor Law. To the contrary, there is a sound basis for Defendant's claim. Defendant has alleged that Plaintiff unlawfully reduced the amount of wages he was due under his employment contract, failed to pay him wages due, and also affirmatively *removed* wages from his checking account that it had already deposited. (Answer, ¶¶ 74-92.) Taking these allegations as true, and drawing all reasonable inferences in Defendant's favor, such conduct arguably constitutes a violation of N.Y. Labor Law § 193, which states, *inter alia*, that "[n]o employer shall make any deduction from the wages of an employee [or] any charge against wages...." N.Y. Labor Law §§ 193(1) and (2) (McKinney's 2007).

Furthermore, although the issue is not settled, several courts in this Circuit have held that § 193 of the Labor Law applies to executives who earn more than $600 per

week. See, e.g., Monagle v. Scholastic, Inc., 2007 U.S. Dist. LEXIS 19788, *3-4 (S.D.N.Y. Mar. 9, 2007); Hart v. Dresdner Kleinwort Wasserstein Sec., LLC, 2006 U.S. Dist. LEXIS 56710, *11-12 (S.D.N.Y. Aug. 9, 2006); Miteva v. Third Point Mgmt. Co., 323 F. Supp.2d 573, 584-85 (S.D.N.Y. 2004). See also Gennes v. Yellow Book of N.Y., Inc., 23 A.D.3d 520, 521, 806 N.Y.S.2d 646, 647 (2d Dep't 2005).[1]

Indeed, very recently, in Pachter v. Bernard Hodes Group, Inc., 505 F.3d 129 (2d Cir. 2007), the Second Circuit noted that "a number of federal district courts and New York state appellate courts have held that section 193 covers executives," and stated that "our inclination would be to defer to the text of section 193 and conclude that executives are covered." Id. at 133. However, given that there is a split in authority regarding this issue, the Second Circuit certified the question to the New York Court of Appeals, where it is currently pending. Id. at 133-35. See also Pachter v. Bernard Hodes Group, Inc., 9 N.Y.3d 971 (2007) (accepting certified question from Second Circuit).[2]

Thus, there is ample legal authority supporting Defendant's Third Counterclaim under N.Y. Labor Law § 193 -- certainly enough to defeat a motion for judgment on the pleadings. Because there is, at a minimum, a colorable basis for Defendant's claim, Plaintiff's motion should be denied in all respects.

---

[1] Plaintiff devotes its entire motion to arguing that highly-paid executives are not covered under N.Y. Labor Law § 191, which deals with frequency of wage payments. However, Defendant's Labor Law counterclaim is for violation of § 193, which contains no express exclusion for highly-paid executives.

[2] If the New York Court of Appeals answers the certified question in the negative and concludes that N.Y. Labor Law § 193 does not apply to highly-paid executives, Defendant will, of course, withdraw the claim.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court issue an order denying Plaintiff's motion for judgment on the pleadings in its entirety, awarding Defendant his reasonable costs and attorneys' fees in connection with said motion, and granting Defendant such other and further relief as the Court deems appropriate.

Dated: New York, New York
      January 18, 2008

Respectfully submitted,

LITTLER MENDELSON, P.C.

By:     S/
    A. Michael Weber (AW 8760)
    Michael P. Pappas (MP 6716)
    885 Third Avenue
    New York, New York 10022
    (212) 583-9600

Attorneys for Defendant Lester Nail