UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

PARAMOUNT PARKS INC. ,                    Case No.  07 CV 10595 (SHS) (MJD)

   Plaintiff,

  -against-

LESTER NAIL ,

   Defendant.

-----------------------------------------------------------

## PLAINTIFF PARAMOUNT PARKS INC.'S REPLY IN SUPPORT OF JUDGMENT ON THE PLEADINGS AS TO DEFENDANT'S THIRD COUNTERCLAIM

  In a desperate attempt to avoid dismissal of his Third Counterclaim brought generically under New York Labor Law § 190 et seq., Defendant now attempts to mask this statutory claim for unpaid wages as a claim for "deduction" of wages pursuant to N.Y. Labor Law § 193.  A cursory review of Defendant's Counterclaim, however, reveals that Defendant is not making a claim for wage deductions.  Thus, he can prove no set of facts that would entitle him to relief under N.Y. Labor Law § 193.

  N.Y. Labor Law § 193, by its terms and title, deals only with "deductions from wages." Such provision states, in pertinent part:

> 1.  No employer shall make any deductions from the wages of an employee, except deductions which:
>
>  a.  are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency;
>
>  b.  are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payment for United States bonds, payments for

>     dues or assessments to a labor organization and similar payments
>     for the benefit of the employee.

N.Y. Labor Law § 193(1).  "[T]he purpose of § 193 is to prohibit employers from making unauthorized deductions from wages and it 'was intended to place the risk of loss for such things as damaged, spoiled merchandise, or lost profits on the employer rather than the employee.'" *Ireton-Hewitt v. Champion Home Builders Co.*, 501 F. Supp. 2d 341, 353 (N.D.N.Y. 2007) (quoting *Hudacs v. Frito-Lay, Inc.*, 90 N.Y.2d 342, 344 (N.Y. Ct. App. 1997)); *see also N.Y. Dept. of Labor Opinion Letter* (May 8, 1992) ("the Department of Labor interprets Section 193 as prohibiting an employer from requiring an employee to assume responsibility for expenses which are part of the employer's costs of doing business.")

**Nowhere in Defendant's Counterclaim does he allege that PPI made unlawful deductions from his wages.  In fact, the word "deduction" does not appear anywhere in his Answer and Counterclaim.**  On the contrary, Defendant claims that "Plaintiffs [sic] actions in refusing to pay Defendant his salary and benefits and in converting Defendant's salary and benefits deposited in Defendant's personal checking account are a violation of New York Labor Law § 190 et seq."  (Answer and Counterclaim ¶ 91)  These allegations are not actionable under N.Y. Labor Law § 193.

In any event, New York courts have consistently held that a claim such as Defendant's for failure or refusal to pay wages is not covered by N.Y. Labor Law § 193.  *See, e.g. Monagle v. Scholastic, Inc.*, 2007 U.S. Dist. LEXIS 19788, *5 (S.D.N.Y. Mar. 9, 2007) (granting defendant's 12(b)(6) dismissal of a wage claim brought generally under N.Y. Labor Law 190 et seq., and holding that "Section 193 has nothing to do with failure to pay wages or severance benefits, governing instead the specific subject of making deductions from wages."); *Ireton-Hewitt*, 501 F. Supp. 2d at 353 ("Champion did not make unauthorized deductions from Ireton-

Hewitt's vacation or severance pay. Rather, it never tendered payment of unused vacation pay and severance pay to plaintiff. Since these activities do not fall within the realm of § 193, an issue of fact does not exist."); *Ferrand v. Credit Lyonnais*, 2003 U.S. Dist. LEXIS 17202, *42-*43 (S.D.N.Y. 2003) (dismissing claim brought under N.Y. Labor Law § 193 based on claimed entitlement to bonus compensation for the years 2000 and 2001); *Kletter v. Fleming*, 820 N.Y.S.2d 348, 350 (3d Dep't 2006) (a claim under Section 193 for failure to pay money without an allegation that "any specific deduction" from wages occurred is not a cognizable claim). Accordingly, as Defendant's claim is clearly that PPI discontinued paying him all salary and benefits, his flagrant attempts to shroud this allegation in the deduction of wages provision is unavailing.

Finally, Defendant's attempt to confuse the issue with the question of whether executives earning over $600 per week are covered by N.Y. Labor Law § 193 is unpersuasive. As the law currently stands under *Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 461 (1993) and its progeny, such executives are excluded from coverage under all of Article 6, i.e. N.Y. Labor Law § 190 et seq. Nonetheless, even if executives are generally covered by N.Y. Labor Law § 193, Defendant has not and cannot allege that PPI made any improper deductions from his wages.

Defendant can prove no set of facts that would entitle him to relief under New York Labor Law § 193 (or any other provision of Article 6). For the foregoing reasons, PPI respectfully requests that this Court dismiss Third Counterclaim brought against PPI with prejudice.

| | |
|---|---|
| Dated:  New York, New York<br>          January 29, 2008 | Respectfully submitted,<br><br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br><br><br>By: _____<br>Steven Skulnik (SS-7821)<br><br>350 Park Avenue<br>New York, New York 10022<br>(212) 872-9800<br><br>Jill S. Kirila (Ohio Bar # 0068593)<br>Lori Maiorca Zancourides (Ohio # 0076342)<br>(pro hac vice)<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>1300 Huntington Center<br>41 South High Street<br>Columbus, Ohio 43215<br><br>Attorneys for Plaintiff<br>Paramount Parks Inc. |