UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PARAMOUNT PARKS INC.                     :
                                         :
                Plaintiff,              :        CASE NO.  07 CV 10595 (SHS)
                                         :
       v.                               :
                                         :
LESTER NAIL                              :
                                         :
                Defendant.              :
-------------------------------------------------------x

## PLAINTIFF PARAMOUNT PARKS INC.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR ATTORNEYS' FEES AND SANCTIONS

Plaintiff Paramount Parks Inc. ("PPI") respectfully submits this memorandum of law in opposition to Defendant Lester Nail's cross-motion for attorneys' fees and sanctions based on Plaintiff's objection to taking a unrestricted deposition of CEO Richard Kinzel.  Without basis or good faith, Defendant filed his cross-motion in an apparent attempt to take the focus off of Defendant's misrepresentations to this Court, increase litigation costs in what should be a straight forward matter, and delay this Court's ruling on PPI's anticipated motion for judgment as a matter of law.  As there is absolutely no basis for Defendant's motion for attorneys' fees and sanctions, PPI respectfully requests that this Court deny the same.

As has been more fully addressed in PPI's Motion for Protective Order and Attorneys' Fees and Reply in Support of that Motion, the list of issues about which Mr. Kinzel purportedly has "knowledge" are simply not relevant to this issues in this case, i.e. Did Defendant breach his Employment Agreement with PPI or otherwise act improperly when he secured alternate employment with Denny's, Inc. all the while continuing to accept compensation and benefits from PPI.  In fact, practically all of the issues in which Defendant contends Mr. Kinzel had direct

involvement relate to the acquisition of PPI by Cedar Fair and the decision to terminate Defendant's active employment with PPI and continue to pay him pursuant to the Employment Agreement. Simply, those facts are not in dispute, and, therefore, deposing Mr. Kinzel about such subject matters would serve no legitimate purpose.

In fact, all of the information that PPI has provided regarding Mr. Kinzel's "knowledge" was in direct response to Defense counsel's initial and false representations to counsel and this Court that Mr. Kinzel had specific conversations with Defendant relevant to this lawsuit – a fact which even Defendant admits is not true. Defendant's attempt to misconstrue statements made by counsel in attempts to respond to those baseless allegations is completely disinguous.[1]. All of the information supplied by PPI and Mr. Kinzel was and is true.

Moreover, counsel's motion for "sanctions" under Fed. R. Civ. P. 11 is wholly improper, as counsel has failed to follow express procedures outlined in subsection (b)(2). According to Fed. R. Civ. P. 11(c)(2), "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Further, Fed. R. Civ. P. 37 does not support Defendant's request for attorneys' fees or sanctions, as Mr. Kinzel is not a party to this action, Defendant withdrew the prior notice of deposition, and PPI filed its Motion for

---

[1] Clearly, Mr. Kinzel would have knowledge of certain issues within area of authority. As always maintained by PPI's counsel, Mr. Kinzel does not have direct knowledge that would be *relevant* to the issues in dispute. Further, PPI's counsel has also indicated that even if he did have tangential knowledge of the dispute, "there are lower ranking executives or employees with access to the same information." (See Ex. 5 to Weber's Declaration in Support of Defendant's Cross-Motion).

Protective Order and Attorneys' Fees at the direction and invitation of the Court (and even after attempting to reach a reasonable compromise).[2]

For all of the foregoing reasons, PPI respectfully requests that Defendant's Cross-Motion for Sanctions and Attorneys' Fees be denied, and that PPI be awarded its attorneys' fees and costs incurred in responding to this baseless cross-claim, in addition to the attorneys' fees and costs requested in PPI's Motion for Protective Order and Attorneys' Fees.

Dated: New York, New York
       May 14, 2008

                                      Respectfully submitted,

                                      **SQUIRE, SANDERS & DEMPSEY L.L.P.**

                                      By: /s/ Jill S. Kirila

                                      Steven Skulnik (SS-7821)
                                      350 Park Avenue
                                      New York, New York 10022
                                      (212) 872-9800

                                      Jill S. Kirila (Ohio # 0068593)
                                      Lori Maiorca Zancourides (Ohio # 0076342)
                                      (pro hac vice admission)
                                      **SQUIRE, SANDERS & DEMPSEY L.L.P.**
                                      1300 Huntington Center
                                      41 South High Street
                                      Columbus, Ohio 43215

                                      Attorneys for Plaintiff
                                      Paramount Parks Inc.

---

[2] Likewise, although Defendant cites 29 U.S.C. § 1927 as a purported basis for his requested sanctions, no such statute exists. It appears that Defendant may have intended to cite 2*8* U.S.C. § 1927, but, again, Defendant clearly cannot satisfy the high standard set forth in such statute for excessive costs, particularly as PPI's Motion for Protective Order and Attorneys' Fees was filed at the direction and invitation of this Court and after PPI's attempt to seek a reasonable compromise was rejected.