UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PARAMOUNT PARKS INC.                :
                                    :
          Plaintiff,              :    CASE NO.  07 CV 10595 (SHS)
                                    :
     v.                             :
                                    :
LESTER NAIL                         :
                                    :
          Defendant.              :
-------------------------------------------------------x

**PLAINTIFF PARAMOUNT PARKS INC.'S
RESPONSE TO DEFENDANT'S STATEMENT OF
PROPOSED MATERIAL FACTS AS TO WHICH THERE
IS NO GENUINE ISSUE TO BE TRIED**

       Pursuant to Local Civil Rule 56.1 of the United States District Court for the Southern District of New York, Plaintiff Paramount Parks Inc. ("PPI"), by its attorneys, hereby responds to Defendant's Statement Of Proposed Materials Facts As To Which There is No Genuine Issue To Be Tried.

1. Admits, but denies that paragraph 1 contains any material fact.

2. Admits, but denies that paragraph 2 contains any material fact.

3. Denies, except admits that Defendant chose not to negotiate or question the terms of the agreement.  Defendant was told to do what he thought he needed to do.  (Nail Dep. 46-48, 52-56).

4. Admits.

5. Admits.

6. Denies, except admits that PPI remained as the employing entity after the Acquisition (Freeman Dep. 65, 66, Def. Ex. C).

7. Admits.

8. Denies, except admits that PPI informed certain PPI contract executives they could take administrative leave while considering whether or not to retain executives in their current roles; thereafter PPI triggered their termination without cause provisions of their respective contracts. PPI further denies that paragraph 8 contains any material fact. (Freeman Dep. 84; Kinzel Dep. 32, 33).

9. Denies and further denies that paragraph 9 contains any material fact. (Freeman Dep. 84; Kinzel Dep. 32, 33).

10. Denies, except admits that PPI informed certain PPI contract executives they could take administrative leave while considering whether or not to retain executives in their current roles; thereafter PPI triggered their termination without cause provisions of their respective contracts. PPI further denies that paragraph 10 contains any material fact. (Freeman Dep. 84; Kinzel Dep. 32, 33).

11. Admits, but denies that paragraph 11 contains any material fact.

12. Admits, but denies that paragraph 12 contains any material fact.

13. Admits, but denies that paragraph 13 contains any material fact.

14. Denies for lack of knowledge and denies that paragraph 14 contains any material fact. (Freeman Dep. 92-94).

15. Admits that Ex. C speaks for itself.

16. Admits that PPI properly invoked the termination without cause option under the Employment Agreement. (Freeman Dep., Def. Exs. B, C).

17. Denies, except admits that PPI properly invoked the termination without cause option under the Employment Agreement. (Freeman Dep., Def. Exs. B, C).

18. Denies and further states that Defendant was still under contract with PPI, and the equivalent of an inactive employee in that he remained on PPI employee benefit plans and the payroll and continued under exclusive services agreement with PPI. (Nail Dep. 106, 117; Cranford Dep. 36-37; Freeman Dep. 101, 102, 125, Def. Exs. B, C, E, H).

19. Denies, except admits that Section 7(c) and the Employment Agreement speak for themselves.

20. Denies, and further states Section 7(c) speaks for itself; PPI further notes that Section 7(c) refers to Defendant's other obligations and specifically required that Defendant be "willing, ready and able to render exclusive services hereunder during such remainder of the Employment Term." (Freeman Dep. and Nail Dep., Def. Ex. B).

21. Denies. On February 23, 2007 Defendant began working for Denny's, Inc. as senior in-house counsel at full pay and benefits. Then in April 2007 Defendant sold his house in Charlotte and, by at least early June 2007 Defendant had bought a half million dollar home and relocated permanently to South Carolina (site of Denny's headquarters). As a result of his employment with Denny's, Defendant received (or was eligible to receive) significant compensation and benefits, including: (1) $175,000.00 in annual salary, increased to $180,000.00 as of May 2008; (2) $22,777.54 in reimbursement for relocation expenses; (3) $10,000.00 special bonus; (4) $ 3,510.00 annual car allowance; (5) Participation in Denny's 2007 Incentive Program with a target incentive of 30% of Defendant's base salary; (6) Eligible to participate in medical, dental, vision, and additional life insurance coverage; (7) Eligible to join Denny's Deferred Compensation

Plan, a fully vested, matched savings plan and Denny's 401(k) Plan; (8) Eligible to participate in Denny's 2007 Long-Term Growth Incentive Program; and (9) Denny's Corporation Stock Option Award. (Nail Dep. 143-153, 159-62, 181-82, Pl. Exs. 5-13, 22-23; Freeman Dep. 123, 124).

22. Denies, and further states that Defendant was under an Employment Agreement with PPI during that time. (Freeman Dep. and Nail Dep., Def. Ex. B).

23. Admits and further states that Nail's position with Denny's was senior in-house counsel, lead litigation and employment attorney. (Nail Dep. 148-49, Pl. Ex. 7).

24. Denies and further states that Defendant's obligations under the Employment Agreement were not contingent upon PPI's request for services (Freeman Dep. and Nail Dep., Def. Ex. B).

25. Denies and denies that paragraph 25 contains any material fact. PPI further states that Defendant was provided with full reimbursement for his relocation expenses, totaling $22,777.54, the value of which he would have had to repay had he terminated his relationship with Denny's within 12 months of the relocation. (Nail Dep., Pl. Exs. 12, 13).

26. Denies and further states that Defendant signed an employment letter agreement with Denny's and various other stock-related and relocation reimbursement contracts with Denny's. (Nail Dep., Pl. Exs. 7-11, 13).

27. Denies for lack of knowledge and further states that the Employment Agreement did not give Defendant the option of resigning in order to comply with his obligations thereunder. (Freeman Dep. and Nail Dep., Def. Ex. B).

28. Denies for lack of knowledge and further states that the Employment Agreement did not give Defendant the option of resigning in order to comply with his obligations thereunder. (Freeman Dep. and Nail Dep., Def. Ex. B).

29. Denies, and states that Defendant received a more generous compensation package from Denny's; PPI further states that Defendant's obligations under the Employment Agreement were not conditioned on PPI's request for services from Defendant. (Nail Dep., 143-153, 159-62, Pl. Exs. 5-13; Freeman Dep. and Nail Dep., Def. Ex. B).

30. Denies and denies that paragraph 30 contains any material fact. See responses to paragraphs 25-29. Further, PPI states that Defendant's mere employment with Denny's automatically violated the Employment Agreement and relieved PPI of any obligation to continue his pay and benefits. (Freeman Dep. 107, 113, 115, 153, 164, Def. Exs. B, E, F, I).

31. Denies, and states further paragraph 31 completely misstates the cited testimony. PPI contends, and has always maintained, that Defendant's mere employment with Denny's automatically violated the Employment Agreement and relieved PPI of any obligation to continue his pay and benefits. (Freeman Dep. 107, 113, 115, 153, 164, Def. Exs. E, F, I)

32. Denies. Defendant's mere employment with Denny's automatically violated the Employment Agreement and relieved PPI of any obligation to continue his pay and benefits. (Freeman Dep. 107, 113, 115, 153, 164, Def. Exs. E, F, I).

33. Denies and denies that paragraph 33 contains any material fact. (Freeman Dep. and Nail Dep., Def. Ex B).

34. Denies and denies that paragraph 34 contains any material fact. (Freeman Dep. and Nail Dep., Def. Ex B).

35. Denies and denies that paragraph 35 contains any material fact. (Freeman Dep. and Nail Dep., Def. Ex B).

36. Denies for lack of knowledge as to whether Defendant had a good relationship with his superiors at Denny's and whether he was confident he could make attempts to temporarily absent himself from employment, and denies that paragraph 36 contains any material fact.

37. Denies for lack of knowledge as to whether Defendant had an exclusive services agreement with Denny's and as to the nature and applicability of Denny's policies and denies that paragraph 37 contains any material fact. PPI denies the remaining allegations and further states that the Employment Agreement expressly obligated that Defendant remain ready, willing and able to provide exclusive services during, and that he could not engage in another occupation during, the defined time period of the Employment Term, which included the time after the termination without cause provision was triggered. PPI further notes that the quoted Denny's policy only permits other employment if it does not interfere with Denny's employment, and, by definition, exclusive services would have interfered. (Freeman Dep. and Nail Dep., Def. Ex. B).

38. Denies for lack of knowledge as to whether Defendant's performance of services for PPI during a leave of absence from Denny's would have created a conflict of interest from Denny's perspective. PPI denies the remaining allegations and further states that the Employment Agreement expressly obligated that Defendant remain ready, willing and able to provide exclusive services, and that he could not engage in another occupation, during the defined time period of the Employment Term, which included the time after

the termination without cause provision was triggered. (Freeman Dep. and Nail Dep., Def. Ex. B).

39. Denies, and further denies that paragraph 39 contains any material fact. PPI further states that Defendant was under a continuing exclusive services contract with PPI at the time he began working for Denny's and thereafter. (Kinzel Dep. 18, 64; Freeman Dep. 189, Def. Ex. B).

40. Denies, and further denies that paragraph 40 contains any material fact. PPI further states that Defendant was under a continuing exclusive services contract with PPI at the time he began working for Denny's and thereafter. (Kinzel Dep. 18, 64; Freeman Dep. 189, Def. Ex. B).

41. Denies, and further denies that paragraph 41 contains any material fact. PPI further states that Defendant was under a continuing exclusive services contract with PPI at the time he began working for Denny's and thereafter. (Kinzel Dep. 18, 64; Freeman Dep. 189, Def. Ex. B).

42. Denies, and further denies that paragraph 42 contains any material fact. PPI further states that Defendant was under a continuing exclusive services contract with PPI at the time he began working for Denny's and thereafter. (Kinzel Dep. 18, 64; Freeman Dep. 189, Def. Ex. B).

43. Denies, and further states that Defendant signed an offer letter agreement with Denny's and various other stock and relocation reimbursement contracts with Denny's. (Nail Dep. 143-153, 159-62, Pl. Exs. 5-13).

44. Admits, except states that even if not inherently inconsistent, actually doing both would violate the terms of the Employment Agreement. (Freeman and Nail Dep., Def. Ex B).

45. Denies and further denies that paragraph 45 contains any material fact. (Freeman Dep. 115-116).

46. Denies and further states Defendant was under an exclusive services contract with PPI regardless of whether he was a unique or extraordinary employee; PPI further denies that paragraph 46 contains any material fact. (Freeman Dep. and Nail Dep., Def. Ex. B).

47. Admits, but denies that paragraph 47 contains any material fact. PPI states further that the express terms of the Employment Agreement governs the contractual obligations of Defendant. (Freeman Dep. and Nail Dep., Def. Ex. B).

48. Admits, but denies that paragraph 48 contains any material fact. PPI states further that Defendant was obligated to remain exclusive to PPI through December, 2007 regardless of PPI's use of his services. (Freeman Dep. and Nail Dep., Def. Ex. B).

49. Admits, but denies that paragraph 49 contains any material fact. PPI states further that Defendant was obligated to remain exclusive to PPI through December, 2007 regardless of PPI's use of his services PPI. (Freeman Dep. and Nail Dep., Def. Ex. B)

50. Denies, except admits that up until the point that PPI discovered Defendant's alternate employment, PPI did not seek to utilize Defendant's services. PPI further denies that paragraph 50 contains a material fact. PPI states further that Defendant was obligated to remain exclusive to PPI through December, 2007 regardless of PPI's intentions to use his services. (Freeman Dep. 186, 187; Kinzel. Dep. 61; Freeman Dep. and Nail Dep., Def. Ex. B).

51. Denies, except admits that up until the point that PPI discovered Defendant's alternate employment, PPI did not seek to utilize Defendant's services. PPI states further that

Defendant was obligated to remain exclusive to PPI through December 31, 2007. (Freeman Dep. 186, 187; Kinzel Dep. 61; Freeman Dep. and Nail Dep., Def. Ex. B).

52. Admits, except denies that paragraph 52 contains any material fact.  PPI further states that Defendant was obligated to remain exclusive through December, 2007 regardless of PPI's intentions to utilize his services.  (Freeman Dep. 186, 187; Kinzel Dep. 61; Freeman Dep. and Nail Dep., Def. Ex. B).

53. Denies, except admits that up until the point that PPI discovered Defendant's alternate employment, PPI did not consider utilizing Defendant's services.  PPI states further that Defendant was obligated to remain exclusive to PPI through December 31, 2007 regardless of PPI's intentions to use his services.  (Freeman Dep. 186, 187; Kinzel Dep. 61; Freeman Dep. and Nail Dep., Def. Ex. B).

54. Denies, except admits that up until the point that PPI discovered Defendant's alternate employment, PPI did not consider utilizing Defendant's services.  PPI states further that Defendant was obligated to remain exclusive to PPI through December 31, 2007 regardless of PPI's need to use his services.  (Freeman Dep. 186, 187; Kinzel Dep. 61; Freeman Dep. and Nail Dep., Def. Ex. B).

55. Admits that Defendant sent the letter marked as Freeman Dep. Ex. L after PPI discovered that Defendant had been working at Denny's in violation of his Employment Agreement with PPI.  Defendant further states that once Defendant obtained alternate employment he violated the Employment Agreement and was no longer entitled to receive continued to continued pay and benefits from PPI.  PPI consistently informed Defendant of its position.  (Freeman Dep. 107, 113, 115, 153, 164, Def. Exs. B, E, F, I).

56. Admits that PPI's parent company, Cedar Fair, sought and eventually hired in February, 2008 an in-house general counsel and that Defendant, counsel for a subsidiary company, was not contacted about the position, and that PPI did not learn about Defendant's position at Denny's until October 2007. PPI denies that remaining allegations and further denies that paragraph 56 contains any material fact.   (Freeman Dep. 193-195; Kinzel Dep. 52, 69).

57. Admits that the Employment Agreement contained no such express provision, but PPI states that Defendant was obligated under a covenant of fair dealing and under the common law doctrine of fraud/misrepresentation to disclose the same.

58. Admits that the Employment Agreement contained no such express provision, but PPI states that Defendant was obligated under a covenant of fair dealing and under the common law doctrine of fraud/misrepresentation to disclose the same.

59. Denies.  (Nail Dep., Pl. Ex. 22).


Dated: New York, New York
       August 8, 2008

   \

- 11 -

        Respectfully submitted,

        **SQUIRE, SANDERS & DEMPSEY L.L.P.**

        By: /s/ Jill S. Kirila

        Steven Skulnik (SS-7821)
        350 Park Avenue
        New York, New York 10022
        (212) 872-9800

        Jill S. Kirila (Ohio # 0068593)
        Lori Maiorca Zancourides (Ohio # 0076342)
        (pro hac vice admission)
        **SQUIRE, SANDERS & DEMPSEY L.L.P.**
        1300 Huntington Center
        41 South High Street
        Columbus, Ohio 43215

        Attorneys for Plaintiff
        Paramount Parks Inc.